**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH                                                    (973) 645-4693
BANKRUPTCY JUDGE                                                    Fax: (973) 645-2606

**NOT FOR PUBLICATION**

April 12, 2012

> **FILED**
> JAMES J. WALDRON, CLERK
>
> **APRIL 12, 2012**
>
> U.S. BANKRUPTCY COURT
> NEWARK, N.J.
>
> BY: s/ Ronnie Plasner, DEPUTY

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Lowenstein Sandler PC
Bruce Buechler, Esq.
Nicole Stefanelli, Esq.
65 Livingston Avenue
Roseland, New Jersey  07068
*Counsel for Monroe Investment Group, LLC*

Law Offices of Michael I. Rubenstein, Esq.
Michael I. Rubenstein, Esq.
Canfield Office Park, South Plaza
870 Pompton Avenue, Unit A2
Cedar Grove, New Jersey  07009
*Counsel for North Hudson Sewerage Authority*

Forman Holt Eliades Ravin & Youngman LLC
David S. Catuogno, Esq.
80 Route 4 East, Suite 290
Paramus, New Jersey  07652
*Counsel for the Trustee*

Rabinowitz, Lubetkin & Tully, L.L.C.
Barry J. Roy, Esq.
293 Eisenhower Parkway, Suite 100
Livingston, new Jersey  07039
*Counsel for Official Committee
 of Unsecured Creditors*

Re:   **Monroe Center, LLC, et al.**
      **Case No. 08-27203 (DHS) (Jointly Administered)**

Page 2
April 12, 2012

Dear Counsel:

The Court has before it a notice of motion of Monroe Investment Group, LLC ("MIG") for entry of an Order (I) determining that amounts owed for prepetition water and sewer charges are not priming liens under operation of state law, (II) determining that certain amounts owed for post-petition water and sewer charges are the obligation of the trustee and the estate, and (III) granting related relief. An objection to the motion was filed by North Hudson Sewerage Authority ("Sewerage Authority"). The motion also sought relief against United Water, which did not respond or object to the motion and the relief sought therein. As a result, the motion as to United Water is granted and the form of Order filed with the motion on notice to United Water shall be entered as to United Water. A separate Order consistent with this Opinion shall be entered by the Court with respect to the objector, Sewerage Authority.

Monroe Center, LLC ("Monroe Center") and Monroe Center Management, LLC (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on September 10, 2008 ("Petition Date"). The two chapter 11 cases were subject to an Order providing for joint administration. On June 2, 2010, Charles M. Forman was approved by Order of the Court as the Chapter 11 Trustee for Monroe Center ("Trustee"). The primary secured lender for the Debtors' development project was Principal Commercial Funding II ("Principal"), which held first priority liens in all of the Debtors' assets, including the real estate. After litigation before this Court and extensive negotiations between the parties in interest, the Court approved a settlement agreement between the Trustee and Principal and thereafter, the Court entered an Order dated June 30, 2011 authorizing the Trustee to sell two parcels of real estate

Page 3
April 12, 2012

owned by the Debtors (the "Property") to MIG, the movant herein, which is the successor in interest to Principal. MIG thereafter closed and consummated the transactions acquiring the Debtors' Property from the Trustee. In essence, the sale was, in large measure, for the benefit of the secured party and its successor in interest allowing the Property to be purchased free and clear of liens, liens to attach to the proceeds of sale. See Order dated June 30, 2011.

There is no dispute that outstanding sewage charges have been incurred with respect to the Property and have not been paid. There are outstanding charges for sewerage services for three distinct periods: prepetition, postpetition but prior to the sale, and post sale to MIG. MIG's motion seeks an Order (1) determining that the prepetition amounts are not priming liens under operation of state law and therefore, MIG took title to the Property free and clear of those claims, (2) determining that postpetition amounts owed to the Sewerage Authority are the obligation of the Trustee and the bankruptcy estate, and not MIG; (3) determining that MIG is solely responsible for sewer charges incurred subsequent to its acquisition of the Property on July 18, 2011.

The Sewerage Authority objects to the relief sought, particularly insofar as it asserts a priming lien on the Property for amounts owed prepetition.

At oral argument, the issues were substantially narrowed for the Court's determination. First, there is no dispute by the interested parties, and the Court agrees, that all sewer charges incurred postpetition through the date of acquisition of the Property by MIG are administrative expenses under the Bankruptcy Code and the responsibility of the Trustee. This postpetition administrative claim is to be treated *pari passu* with all other chapter 11 administrative expenses.

Page 4
April 12, 2012

*See In re Lehigh Valley Professional Sports Club, Inc.*, 260 B.R. 745, 752 (Bankr. E.D. Pa. 2001). Second, there is no dispute, and the Court agrees, that all unpaid sewer charges incurred after MIG took title to the Property are the sole responsibility of MIG.

The issue remaining for determination is whether the Sewerage Authority's charges incurred prepetition constitute a priming lien which MIG took subject to at the time of sale. New Jersey law provides a controlling statute. In accordance with N.J.S.A. 40:14A-8(b), the Sewerage Authority bills its customers based upon water consumption occurring at the customer's property. Based upon a metered water connection existing at the property, a billing account is established in the name of the titled owner. Each quarter, on the first day of the second month of each quarter, a quarterly bill is generated by the Sewerage Authority based upon water consumption occurring at the property one quarter prior and applying such usage to an approved rate. Bills are then distributed. Property parcel information including lot and block and title owner is supplied to the Sewerage Authority from the water supply company. When the sewer charges remain unpaid, N.J.S.A. 40:14A-21(b) provides for a statutory lien upon the property. The statute provides:

> (b) In the event that a service charge of any sewerage authority with regard to any parcel of real property owned by any person other than the State or an agency or subdivision thereof shall not be paid as and when due, the unpaid balance thereof and all interest accruing thereon shall be a lien on such parcel. Such lien shall be superior and paramount to the interest in such parcel of any owner, lessee, tenant, mortgagee or other person except the lien of municipal taxes and shall be on a parity with and deemed equal to the lien on such parcel of the municipality where such parcel is situate for taxes thereon due in the same year and not paid when due. Such lien shall not bind or affect a subsequent bona fide purchaser of such parcel for a valuable consideration without

Page 5
April 12, 2012

>actual notice of such lien, unless the sewerage authority shall have filed in the office of the collector or other officer of said municipality charged with the duty of enforcing municipal liens on real property a statement showing the amount and due date of such unpaid balance and identifying such parcel, which identification may be sufficiently made by reference to the assessment map of said municipality. The information shown in such statement shall be included in any certificate with respect to said parcel thereafter made by the official of said municipality vested with the power to make official certificates of searches for municipal liens. Whenever such service charge and any subsequent service charge with regard to such parcel and all interest accrued thereon shall have been fully paid to the sewerage authority, such statement shall be promptly withdrawn or cancelled by the sewerage authority.

N.J.S.A. 40:14A-21(b).

At oral argument, counsel for the Sewerage Authority stated that his client routinely filed the operative statement showing the amount and the due date of all unpaid balances, together with identification of the Property. These were stated to be filed prepetition as to the Property. That being accomplished, it is clear that a lien for sewage charges was perfected through the date of the last prepetition filed statement and MIG took title subject to that priming lien.

It is also clear that MIG filed on February 19, 2009 its usual statement for unpaid charges for the final prepetition billing period, which statement was filed postpetition and without leave of Court. In filing the statement on February 19, 2009, and attempting to assert a lien against the Property postpetition, the Sewerage Authority violated the automatic stay and any lien that could have been perfected by that statement is void *ab initio*. *See Maritime Electric Company v. United Jersey Bank*, 959 F.2d 1194 (3d Cir. 1991) (which voided a judgment because it was entered in violation of the automatic stay); *Kalb v. Feuerstein*, 308 U.S. 433 (1940) (holding that

Page 6
April 12, 2012

absolute relief from the automatic stay, judicial actions and proceedings against the debtor are void *ab initio*). While certain statutory liens are exceptions to the automatic stay, sewer charges do not fall within such exceptions found in § 362(b) of the Bankruptcy Code. *In re Grede Foundries, Inc.*, 651 F.3d 786, 795 (7th Cir. 2011). The Court made this observation and finding during oral argument and indicated at that time, which it confirms herein, that it does not find the filing was contemptuous. While the filing was in violation of the automatic stay, such action is not deemed contemptuous nor has the Trustee or MIG asserted such allegation. In any event, the last filed statement and its attempt to perfect a lien pursuant to the statute is void *ab initio*.

Finally, the remaining question for determination is whether the charges incurred from the date of the last prepetition filed statement by the Sewerage Authority through the Petition Date are subject to the statutory lien set forth in N.J.S.A. 40:14A-21(b). The pertinent language is as follows:

> . . . Such lien shall not bind or affect a subsequent bona fide purchaser of such parcel for a valuable consideration without actual notice of such lien, unless the sewerage authority shall have filed in the office of the collector or other officer . . . a statement showing the amount and due date . . . .

There is no question but that MIG is a subsequent bona fide purchaser of the Property for valuable consideration and that there was not an effective filing of the statement to perfect the Sewerage Authority charges for the last prepetition period. However, the statute provides that a subsequent bona fide purchaser with notice of the lien shall be bound and affected. In certain situations, a finding of actual notice might be difficult to reach, but not in the matter before the Court. MIG is the successor in interest to Principal, the Debtors' secured lender throughout

Page 7
April 12, 2012

these proceedings. *See* ¶ 4 of MIG's Not. of Mot. dated Feb. 17, 2012. Throughout the case, Principal played a significant role in this chapter 11. It was involved in all phases of the proceeding including utilization of its cash collateral for funding of the Debtors' operations. After the Trustee was appointed, and investigations into the Debtors' conduct and affairs were conducted, the Trustee and Principal reached an extensive settlement of all outstanding issues and the sale of the Property occurred, which, as mentioned, was a sale for the benefit of the secured party as well as the bankruptcy estate. The settlement provided for, among other things, a credit bid by the secured party of its debt, support by MIG towards funding of professional fees, retention by the Trustee of funds on hand including rents collected subject to Principal's liens, and a $250,000 payment by Principal for distribution by the Trustee to unsecured creditors. Under the circumstances of this case, including the role Principal played throughout the case, it cannot be seriously argued that MIG did not have actual notice that sewer charges against the Property had been incurred prepetition and would be the obligation of the purchaser at the sale.

Support for this conclusion is found throughout the application filed by the Trustee in support of its motion to sell real property pursuant to 11 U.S.C. § 363 and avoiding liens pursuant to 11 U.S.C. § 544 ("Application"). Paragraph 35 of the Application states the purchase price for the Property in issue "shall be subject to open taxes, tax liens, and water and sewer charges" and again states that the sale "shall be subject to open taxes, tax liens, and applicable water and sewer charges that prime the purchaser's liens and security interest by operation of applicable law, which shall not be avoided hereunder, and which shall be the sole responsibility of the purchaser." Likewise, Paragraph 38 of the Application states: "The sales

Page 8
April 12, 2012

are both subject to open taxes, tax liens, and applicable water and sewer charges that prime the purchaser's security interest and liens. Moreover, Paragraph 39 states: "The tax liens held by the City of Hoboken and/or other third parties, as well as water/sewer charges against the Monroe Center property shall not be extinguished and the satisfaction, or other resolution thereof, shall be the sole responsibility of the purchaser." Finally, Paragraph 50 states: "The City of Hoboken, JNAM Investment, and any other third-party holders of tax liens or water/sewer liens against the Monroe Center property are not impacted by the within sale as their rights are unaffected."

All of the above lend support to and convinces the Court that MIG had full and actual notice of the sewer charges/liens affecting the Property prepetition and such notice satisfies the statutory mandate. *See* N.J.S.A. 40:14A-21(b). Thus, the prepetition charges constitute priming liens which are the sole responsibility of the purchaser, MIG.

On the papers before the Court, a determination cannot be made as to the amounts owed to the Sewerage Authority by the various entities, either prepetition, postpetition through sale date, and subsequent to the sale date. The parties are directed to discuss, meet if necessary and negotiate a resolution of the amounts due and owing for the relevant periods. If good faith efforts to fix the amounts are not successful, the parties shall advise the Court and an evidentiary hearing will be scheduled at which time the parties should be prepared to present evidence for the Court's determination of the charges for the relevant periods.

In summary, it is the Court's finding that all prepetition sewer charges constitute a priming lien in favor of the Sewerage Authority and shall be the responsibility of MIG. Second,

Page 9
April 12, 2012

all charges incurred from the Petition Date through sale date constitute administrative expenses of the bankruptcy estate. Third, all sums incurred subsequent to the sale date are the responsibility of MIG.

An Order in conformance with this Opinion has been entered by the Court and a copy is attached.

            Very truly yours,

            s/ *Donald H. Steckroth*

            DONALD H. STECKROTH
            UNITED STATES BANKRUPTCY JUDGE

Enclosure